UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
SUNAJ SARACI *on behalf of himself and all*                    :
*other similarly situated consumers*,                          :
                                                               :
                              Plaintiff,                       :    **MEMORANDUM DECISION**
                                                               :    **AND ORDER**
              - against -                                      :
                                                               :    18-cv-6505 (BMC)
CONVERGENT OUTSOURCING, INC.,                                  :
                                                               :
                              Defendant.                       :
                                                               :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this putative class action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), relating to a debt collection letter sent to plaintiff by defendant. Defendant has moved for summary judgment. For the reasons below, defendant's motion is granted.

## BACKGROUND

Defendant is a debt collection agency. Defendant sent plaintiff a letter dated December 8, 2017, which sought to collect an alleged consumer debt that plaintiff owed to Verizon Wireless. Among other disclosures, the letter informed plaintiff of his right to dispute the debt. Specifically, the letter stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Different addresses appear in several locations on the letter. In the top right-hand corner, the following information appears beneath the "Convergent" logo: Convergent Outsourcing, Inc., 800 SW 39th St./PO Box 9004, Renton, WA 98057, Mon-Fri 8AM-5PM PT, 877-227-0063.

Below the body of the letter, in a section labeled "3 CONVENIENT WAYS TO PAY," the following information is listed as the location where consumers should send their payments by mail: Convergent Outsourcing, Inc., PO Box 9004, Renton, WA 98057-9004. This identical address also appears on the detachable payment slip at the bottom of the letter, which – as directed by the letter – should be positioned so that the Convergent address appears through the window of the supplied return envelope.

In the top left-hand corner of the letter, the following additional address appears: ATERSO01, PO Box 1280, Oaks, PA 19456-1280, CHANGE SERVICE REQUESTED.

Although plaintiff does not claim that he tried to pay or dispute the alleged debt referenced in the letter at any of the addresses listed, or that the inclusion of the multiple addresses stopped him from mailing a letter to dispute the debt at all, plaintiff argues that the inclusion of multiple addresses is deceptive because the letter does not direct the consumer to the correct address for mailing disputes.

## DISCUSSION

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." "A fact is material when it might affect the outcome of the suit under governing law." Tracy v. Freshwater, 623 F.3d 90, 95 (2d Cir. 2010) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007)).

In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Tolan v. Cotton, 134 S. Ct. 1861, 1863 (2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). But "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Fed. Trade Comm'n v. Moses, 913 F.3d 297, 305 (2d Cir. 2019) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation marks and alterations omitted). Thus, "[c]onclusory allegations or denials . . . are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." Id.

Under 15 U.S.C. § 1692e(10), a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." A collection notice is deceptive if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 173 (2d Cir. 2015) (quoting Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012)).

"When interpreting § 1692e, [a court must] test whether a communication is deceptive by asking how the least sophisticated consumer would interpret it." Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 51 (2d Cir. 2018) (internal quotation marks and citations omitted). "The purpose of the least-sophisticated-consumer standard . . . is to ensure that the statute protects the gullible as well as the shrewd." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008).

Although the test is designed to protect "those consumers most susceptible to abusive debt collection practices," the Second Circuit has cautioned against "conflat[ing] lack of sophistication with unreasonableness." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135

3

(2d Cir. 2010). As a result, "[t]he FDCPA does not aid plaintiffs whose claims are based on "bizarre or idiosyncratic interpretations of collection notices." Jacobson, 516 F.3d at 90.

Defendant argues that the letter clearly directs consumers to mail their disputes to "this office." Defendant further argues that the Renton, Washington address appears three times on the front of the letter, and each time, it is associated with defendant's company name, Convergent Outsourcing, Inc. Thus, defendant asserts, it would be irrational for a consumer to think that the Oaks, Pennsylvania address, which is not featured prominently on the letter, and is not associated with the name of defendant's company, is the proper mailing address for disputes.

Plaintiff makes two arguments in opposition. First, plaintiff argues that because the upper right-hand corner includes both a street address and a PO Box in Renton, Washington, but the other two iterations of the Renton, Washington address only include the PO Box, consumers will be confused as to which address (the street address or the PO Box) is the correct address for Convergent Outsourcing, Inc. But it would be unreasonable for a consumer to think that these refer to different addresses. All three iterations are associated with "Convergent Outsourcing, Inc." and include an identical PO Box. Even the least sophisticated consumer can recognize the obvious similarities across these iterations and understand that they are the same address.

Second, plaintiff argues that the least sophisticated consumer would be confused as to whether they should mail their dispute to the Renton, Washington address or the Oaks, Pennsylvania address, because the direction to mail a dispute to "this office" does not make clear which address is correct.

It is certainly possible for the inclusion of multiple addresses on a debt collection letter to be misleading. See, e.g., Carbone, No. 15-CV-4919, 2016 WL 8711197, at *4 (E.D.N.Y. Sept. 30, 2016); Becker v. Genesis Financial Services, No. 06-CV-5037, 2007 WL 4190473 (E.D.

4

Wash. Nov. 21, 2007). But the letter here does not invite the type of confusion necessary to succeed on such a claim.

For example, in Carbone, the letter at issue directed consumers to mail their disputes to an "above-referenced address," which was indicated for return mail only, rather than to a different address found at the bottom of the letter, to which consumers were directed to send any written requests. The "above-referenced address" instruction with respect to mailing written disputes therefore contradicted the other instruction in the letter that written requests should be mailed to a different address.[1]

By comparison, the letter at issue here letter directs consumers to mail their written disputes to defendant's "office." Because the Renton, Washington address is listed on the letter three times under "Convergent Outsourcing, Inc.," it is clear that the Renton, Washington address is defendant's office address. It would be an idiosyncratic reading of the collection letter to think that the PO Box listed once under "ATERSO01" could be the correct "office" address rather than the Renton, Washington address, which consistently appears under the name of defendant's company. Indeed, the Renton, Washington address is even listed next to defendant's office hours and telephone number, providing further support that this address is correct.

This case is one of a number on the Court's docket that has strayed far afield from the goal of the FDCPA. This is not a harsh, abusive, or misleading collection letter. Unlike some collection letters, which offer suggestive inducements that might cause a consumer to pay a debt

---

[1] Plaintiff also relies on statements made by my colleague, Judge Pamela Chen, during a premotion conference in Mahmeti v. Nat'l Enter. Sys., Inc., No. 18-cv-4523 (E.D.N.Y. Dec. 12, 2018), in which she indicated that she would likely deny a motion to dismiss if the defendant filed it (it did not file it). Plaintiff contends that the letter at issue in Mahmeti was similar. Putting aside the fact that Judge Chen never issued a ruling, and that even if she had, it would be non-binding authority, the letter in Mahmeti was different. The payment stub there had multiple addresses, unlike the one here. In any event, to the extent Judge Chen's expressed inclination and non-ruling is inconsistent with the result reached here, I respectfully disagree with it.

that he might otherwise delay or not pay, or which might attempt to cause a consumer to waive his right to dispute the debt, there is nothing about this letter that would cause a consumer to send payment to the wrong address or interfere with his ability to dispute a debt. Indeed, both the collection company and the consumer have the same interest in seeing to it that the communication is sent to the right address. Here, the address is clearly designated, and, to boot, the collection letter includes a return envelope which, unless ignored or misused in some fashion, ensures dispatch of the communication to the proper address.

The American least sophisticated consumer is neither irrational nor a dolt. See Huebner, 897 F.3d at 51. Only a consumer's attorney, not the consumer himself, could come up with the kind of "bizarre or idiosyncratic interpretation[]," Jacobson, 516 F.3d at 90, that plaintiff offers here. See Ghulyani v. Stephens & Michaels Associates, Inc., 15-cv-5191, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015) (rejecting interpretation of collection letter that is "much more likely to be arrived at by an enterprising plaintiff's lawyer than by a least sophisticated consumer"). When an attorney does that, the attorney belittles the common sense of the consumer.

Rather, Congress intended in the FDCPA to give the consumer, even the least sophisticated consumer, more "credit," not drive the cost of his credit higher through lawsuits like this. Stretching the statute to unreasonable lengths does no one any good except lawyers. It is just as much a purpose of the FDCPA to protect debt collectors from unreasonable constructions of their communications as to protect the least sophisticated consumer from the far more sophisticated collection company. See Jacobson, 516 F.3d at 90 (noting FDCPA's "dual purpose" of protecting both the least sophisticated consumer and the collection company).

When the letter is read in its entirety, there is no ambiguity.  See McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002).  Its only reasonable reading suggests that the least sophisticated consumer would know to mail their disputes to defendant's office in Renton, Washington.

**CONCLUSION**

Accordingly, defendant's [15] motion for summary judgment is GRANTED, and judgment shall enter dismissing the complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
       March 5, 2019

                                                  U.S.D.J.